Michael H. Bloom, OSB# 815106
bloompc@easystreet.net
MICHAEL H. BLOOM, P.C.
One Centerpointe Drive, Ste. 570
Lake Oswego, Oregon 97035
Telephone:  (503) 223-2608
Facsimile: (503) 670-7683
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GERALD H. WILLIAMS, JR. and CONSTRUCTION & ENGINEERING MANAGEMENT RESEARCH, INC. | Case No.: 3:15 cv 196 |
| Plaintiffs, | COMPLAINT |
| v. | Breach of Contract<br>Specific Performance |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | JURY TRIAL DEMAND |
| Defendant. | |

Plaintiffs Gerald H. Williams, Jr. and Construction & Engineering

Management Research Inc. allege:

## PARTIES

1.      Plaintiff Construction & Engineering Management Research Inc.

 Page 1 - COMPLAINT

("CEMR") is an Oregon corporation with its principal place of business in Portland, Oregon. CEMR was incorporated in Oregon, is organized under the laws of Oregon, and is an Oregon citizen.

2. Plaintiff Gerald H. Williams, Jr. ("Williams") is an individual domiciled in the State of Oregon. Williams is an Oregon citizen, and is the president, owner and sole shareholder of CEMR.

3. Defendant The Lincoln National Life Insurance Company ("Lincoln") was incorporated in Indiana, is organized under the laws of Indiana, and is an Indiana citizen. Lincoln regularly transacts business in Oregon.

## JURISDICTION

4. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because this case is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

5. Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims arose in this judicial district.

## FACTUAL BACKGROUND

6. In 2004, Williams' financial advisor recommended that Williams' solely owned Corporation, CEMR, adopt a Section 419 Welfare Benefit Plan. His

financial advisor advised him that the Grist Mill Trust Welfare Benefit Plan could meet those needs.

7. The Grist Mill Trust Section 419 Welfare Benefit Plan is structured to allow an employer to make contributions to the Plan for the benefit of its employees by providing for the payment of life insurance or other benefits to its members.

8. In September 2004, CEMR adopted the Grist Mill Trust Welfare Benefit Plan (the "Grist Mill Trust").

9. Beginning in 2004, CEMR made annual contributions to the Grist Mill Trust on behalf of its sole employee Williams.

10. The Grist Mill Trust used CEMR's contributions to purchase a Jefferson Pilot universal life insurance Policy (the "Policy") insuring the life of Williams. The Grist Mill Trust was listed as the owner of the Policy and held the policy in trust for the benefit of Williams. Williams wife, Caroline Reay, was named as the beneficiary of the trust in the event of death.

11. In 2006, Jefferson Pilot merged with Lincoln National Corporation. The resulting company, its subsidiaries, and affiliates, including Defendant Lincoln, now operate under the brand name Lincoln Financial Group.

12. The Policy on the life of Williams is identified by Lincoln Financial Group Policy No. JP5503900.

Page 3 - COMPLAINT

13.   The Policy states, "[w]hile the Insured is alive, the Owner may exercise every right and option and receive every benefit provided by this policy." The Policy further states, "[w]hile the Insured is alive, the Owner or beneficiary may be changed. Any change will take effect as of the date the request is signed."

14.   On or about August 14, 2014, Williams signed Life Ownership Change and Change of Beneficiary forms necessary to transfer ownership of the Policy from the Grist Mill Trust to Williams and submitted them to the Grist Mill Trust. The Life Ownership Change and Change of Beneficiary forms are contracts between Plaintiffs and Lincoln.

15.   On or about September 3, 2014, the Grist Mill Trust sent the signed Life Ownership Change and Change of Beneficiary forms to Lincoln, instructing Lincoln to transfer the Policy ownership name to Williams and change the Policy beneficiary to Williams' wife, Caroline Reay.

16.   Despite receipt of the Life Ownership Change and Change of Beneficiary contract, Lincoln has refused to transfer the Policy ownership name from the Grist Mill Trust to Williams and the beneficiary name to Williams' wife, Caroline Reay.

17.   The Policy currently has a collective cash surrender value well in excess of $75,000.

18. Plaintiffs have completed any and all conditions precedent to transfer of the Policy to Williams.

19. Plaintiffs seek specific performance requiring Lincoln to transfer the Policy in accordance with the Policy and the Life Ownership Change and Change of Beneficiary contract.

20. Plaintiffs have no adequate remedy at law to effectuate the transfer.

WHEREFORE, plaintiff prays for a judgment and decree as follows:

1. Directing Lincoln Financial Group to change the ownership name of its Lincoln National life insurance policy JP5503900 to Gerald H. Williams, Jr. and change the policy's beneficiary name to Caroline Reay.

2. Directing Lincoln Financial Group to allow plaintiff to surrender the policy in exchange for its cash value and pay the same to plaintiff.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 5 - COMPLAINT

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial on any and all claims so triable in this matter pursuant to Rule 81(c)(3) of the Federal Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this 4th day of February, 2015.

        MICHAEL H. BLOOM, P.C.

        *s/ Michael H. Bloom*

        Michael H. Bloom, OSB #815106
        One Centerpointe Drive, Ste. 570
        Lake Oswego, Oregon 979035
        bloompc@easystreet.net
        (503) 223-2608
        Attorney for Plaintiffs