**KRISTEN L. TRANETZKI**, OSB. No. 115730
kristen@angelilaw.com
**COLIN H. HUNTER**, OSB. No. 131161
colin@angelilaw.com
Angeli Ungar Law Group LLC
121 SW Morrison Street, Suite 400
Portland, OR  97204
Telephone:  (503) 954-2232
Facsimile:   (503) 227-0880

**PAULA K. COLBATH** (*Pro Hac Vice* Pending)
pcolbath@loeb.com
Loeb & Loeb LLP
345 Park Avenue
New York, New York 10154-1895
Telephone: (212) 407-4000
Facsimile: (212) 937-3189

Attorneys for Third-Party Defendant Universitas Education, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GERALD H. WILLIAMS, JR. and CONSTRUCTION & ENGINEERING MANAGEMENT RESEARCH, INC., | Case No. 3:15-CV-00196-MO |
| Plaintiffs, | **THIRD-PARTY DEFENDANT UNIVERSITAS EDUCATION, LLC'S MOTION PURSUANT TO FED. R. CIV. P. 12(B)(2) TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404, AND SUPPORTING LEGAL MEMORANDUM** |
| v. | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| UNIVERSITAS EDUCATION, LLC and GRIST MILL TRUST WELFARE BENEFIT PLAN, | |
| Third-Party Defendants. | |

# Table of Contents

**Page**

LOCAL RULE 7-1 CERTIFICATION ........................................................................1

MOTION.....................................................................................................................1

SUPPORTING LEGAL MEMORANDUM...............................................................1

PRELIMINARY STATEMENT ................................................................................1

BACKGROUND ........................................................................................................2

ARGUMENT ..............................................................................................................6

I.      THE THIRD-PARTY COMPLAINT SHOULD BE DISMISSED BECAUSE UNIVERSITAS IS NOT SUBJECT TO PERSONAL JURISDICTION IN OREGON ......................................................................................................6

      A.    This Court Lacks General Jurisdiction Over Universitas .......................7

      B.    This Court Also Lacks Specific Jurisdiction Over Universitas .............8

            1.    Universitas Has Not Purposefully Availed Itself of the Privilege of Conducting Any Activities in Oregon or Purposefully Directed Any Activities in Oregon ...........................................8

            2.    Universitas Has No Contacts in Oregon That Relate to the Present Claim ...............................................................................10

            3.    It Would Be Unreasonable to Subject Universitas to Jurisdiction in Oregon Because Such Exercise Would Not Comport With Fair Play and Substantial Justice.................................................11

      C.    The Interpleader Claim Is Wrongly Asserted And Does Not Create Jurisdiction Over Universitas.................................................................11

II.     IN THE ALTERNATIVE, VENUE SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK.......................................................13

CONCLUSION.........................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ajinomoto N. Am., Inc. v. Pine Valley, Inc.*,
No. 3:14-cv-00293-BR, 2014 U.S. Dist. LEXIS 92320 (D. Or. July 8, 2014) ..................... 6-7

*Am. Tel. & Tel. Co. v. MCI Commc'ns Corp.*,
736 F. Supp. 1294 (D.N.J. 1990) . .................................................................. 16-17

*Anderson v. State Farm Mut. Auto. Ins. Co*,
No. 00-1560-HO, 2004 U.S. Dist. LEXIS 9060 (D. Or. May 14, 2004) ............................... 14

*Bakkeby v. Prudential Ins. Co. of Am.*,
No. 13-CV-188-GKF-PJC, 2013 U.S. Dist. LEXIS 128076 (N.D. Okla. Sept.
9, 2013) ......................................................................................................... 12

*Beverage Mgmt. Sys., Inc. v. Ott*,
No. 3:12-cv-2126-SI, 2013 U.S. Dist. LEXIS 42354 (D. Or. March 26, 2013) ............... 14-15

*Cal. Pipe Recycling, Inc. v. Southwest Holdings, Inc.*,
No. CV-F-08-0236 LJO SMS, 2008 U.S. Dist. LEXIS 89932 (E.D. Cal. Oct.
23, 2008) ....................................................................................................... 12

*Citigroup Global Mkts., Inc. v. KLCC Invs., LLC*,
No. 06 Civ. 5466 (LBS), 2007 U.S. Dist. LEXIS 2709 (S.D.N.Y. Jan. 11,
2007) ............................................................................................................ 13

*Coast Equities, LLC v. Right Buy Props.*,
No. 3:14-cv-01076-ST, 2015 U.S. Dist. LEXIS 41556 (D. Or. March 31,
2015) ............................................................................................................. 9

*CSX Transport., Inc. v. Apex Directional Drilling, LLC*,
No. 3:14-cv-00470-HA, 2014 U.S. Dist. LEXIS 162306 (D. Or. Nov. 18,
2014) ....................................................................................... 6, 7, 8, 9, 10

*Gullette v. The Lancaster & Chester Co.*,
No. 3:14-cv-00537-HZ, 2014 U.S. Dist. LEXIS 100772 (D. Or. July 23, 2014) ............. 10, 11

*Jones v. GNC Franchising, Inc.*,
211 F3d 495 (9th Cir 2000) ................................................................................ 14

*Metro. Life Ins. Co. v. Probst*,
No. CV-09-8180-PCT-DGC, 2009 U.S. Dist. LEXIS 109340 (D. Ariz. Nov. 6,
2009) ............................................................................................................ 12

*NxSystems, Inc. v. Monterey County Bank*,
  No. 3:12-cv-00905-ST, 2012 U.S. Dist. LEXIS 132282 (D. Or. Sept. 17,
  2012) .................................................................................................................7, 11

*Penn Mutual Life Insurance Company v. Kehoe, et al.*,
  Case No. 15-cv-01111 ........................................................................................14

*Pilot Life Ins. Co. v. Bethard*,
  No. 84-5464, 1985 U.S. Dist. LEXIS 18724 (E.D. Pa. June 20, 1985)...................................12

*Schneider v. Cate*,
  405 F. Supp. 2d 1254 (D. Colo. 2005).....................................................................5

*Schwarzenegger v. Fred Martin Motor Co*.,
  374 F.3d 797 (9th Cir. 2004) ...............................................................................8

*Todd Shipyards Corp. v. Cunard Line, Ltd.*,
  708 F. Supp. 1440 (D.N.J. 1989) ............................................................................16

*Under a Foot Plant, Co. v. Exterior Design, Inc*.,
  No. 6:14-cv-01371-AA, 2015 U.S. Dist. LEXIS 37596 (D. Or. March 24,
  2015) ........................................................................................................8, 17

*Universitas Education, LLC v. Nova Group, Inc. et al.*,
  Nos. 11-1590-LTS and 11-8726-LTS(S.D.N.Y. Jan. 5, 2015).........................................10, 15

 *Walsh v. Centeio*,
  692 F.2d 1239 (9th Cir. 1982) ...............................................................................14

**Statutes**

28 U.S.C. § 1332 ......................................................................................................14

28 U.S.C. §§ 1335 and 2361 ...................................................................................11

28 U.S.C. § 1404 ...........................................................................................1, 2, 4, 14

Oregon Rule of Civil Procedure 4(L) .........................................................................6

**Other Authorities**

Fed. R. Civ. P. 22 ..............................................................................................4, 11, 12

Rule 19 .................................................................................................................13

## LOCAL RULE 7-1 CERTIFICATION

Counsel for Third-Party Plaintiff Universitas Education LLC hereby certifies that they made a good faith effort through telephone conferences with counsel for Third-Party Plaintiff The Lincoln National Life Insurance Company to resolve the disputes regarding the relief requested in this motion and have been unable to do so.

## MOTION

COMES NOW, Third-Party Defendant Universitas Education, LLC herein, and moves to Dismiss Third-Party Plaintiff The Lincoln National Life Insurance Company's complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), or, in the alternative, to transfer venue, pursuant to 28 U.S.C. § 1404, to the United States District Court for the Southern District of New York for the convenience of parties and witnesses and in the interests of justice.

This Motion is based upon all the files, records and proceedings herein, the Memorandum of Law in Support of its Motion to Dismiss or, in the alternative, to Transfer Venue, the Declarations of Sharon Siebert and Paula K. Colbath, Esq., and upon such other and further evidence and argument as may be presented to the Court in connection with the Motion.

## SUPPORTING LEGAL MEMORANDUM

### Preliminary Statement

Third-Party Defendant Universitas Education, LLC ("Universitas"), in response to the Third-Party Complaint filed by Defendant The Lincoln National Life Insurance Company ("Lincoln Life"), respectfully submits the following motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), or, in the alternative, to transfer venue to the United States District Court for the Southern District of New York pursuant

to 28 U.S.C. § 1404, for the convenience of the parties and witnesses and in the interests of justice. At the outset, Universitas notes that it is making a limited appearance for the sole purpose of contesting jurisdiction.

### **Background**

This case is one of a number of actions pending in state and federal courts from Boston to Oregon, all ultimately relating to Universitas' continued attempts to collect the amount owed pursuant to certain judgments obtained in the Southern District of New York (Case Nos. 11 CV. 1590; 11 CV 8726). Judgment confirming a $30 million arbitration award against Nova Group Inc. ("Nova") was entered in the Southern District of New York in 2012. (S.D.N.Y. Case No. 1590, Docket No. 41.) Extensive post-judgment discovery and turnover proceedings followed, and on August 12, 2014, the Southern District of New York entered judgment ("Judgment") against several affiliates of Nova's former principal Daniel E. Carpenter with regard to funds fraudulently conveyed to those affiliates. Specifically, the Southern District of New York entered Judgment in part against co-defendant Grist Mill Trust Welfare Benefit Plan (the "Grist Mill Trust"), in the amount of $4,487,007.81, and Universitas has a judgment lien against all assets of Grist Mill Trust. A copy of the Judgment is attached as Exh. A to the accompanying Declaration of Sharon Siebert, dated April 20, 2015 ("Siebert Decl."). To date, the Judgment remains unsatisfied. (*See* Siebert Decl. ¶ 9.)

The current case arises from Plaintiffs' attempt to circumvent the operative trust agreement by having an asset that is owned by the Grist Mill Trust transferred to them without paying the Grist Mill Trust the amount required for such transfer under the trust instrument – namely, the cash value of the policies at the time of transfer. Since Universitas has a substantial Judgment against the Grist Mill Trust and has a judgment lien against all assets of Grist Mill

Trust, any monies received by Grist Mill Trust would be used to reduce the amount of the Judgment.  Plaintiffs sued Lincoln Life to compel Lincoln Life to the change the ownership and beneficiary of the subject life insurance policy, which is and has always been the Grist Mill Trust.  In turn, Lincoln Life has sued Universitas and the Grist Mill Trust as Third-Party Defendants seeking guidance from the Court, and repeatedly stating that it does not take any position in the dispute among the parties.  Specifically, Lincoln Life states that it "does not take a position on the ownership of the Policy, the requested changes by Plaintiffs or the Restraining Notice filed by Universitas."  (*See* Lincoln Life's Third-Party Complaint, date March 26, 2015, at ¶ 19; *see also* ¶¶ 14-15.)  In addition, Lincoln Life's counsel has advised counsel for Universitas that Lincoln Life does not intend to oppose Universitas' motion to dismiss for lack of jurisdiction.  (*See* accompanying Declaration of Paula Colbath, Esq. ("Colbath Decl.") at ¶ 2.)

As noted in Lincoln Life's Third-Party Complaint, the Grist Mill Trust is the owner of the policy at issue.  (*See* Third-Party Complaint ¶ 26.)  Furthermore, since the inception of the policy, the Grist Mill Trust is not just the owner of the policy, but Grist Mill Trust has been the sole beneficiary under the policy as well.  (*See* Siebert Decl., Exh. B ¶ 11. )

Universitas has never claimed that it is the owner of the policy at issue.  Nor does Universitas seek to have ownership of the policy transferred to it.  To the contrary, Universitas has no objection to the transfer of said policy, so long as the terms of the Grist Mill Trust operative trust instrument are complied with, namely that the Plaintiffs pay the Grist Mill Trust the cash value of the policies.  (*See* Colbath Decl. at Exh. A ¶ 6.07.)  That cash value payment, to which the Grist Mill Trust is entitled, can then be paid to Universitas in partial satisfaction of its Judgment.  Accordingly, Lincoln Life has wrongly asserted a cause of action for interpleader under Fed. R. Civ. P. 22, since there is no dispute here regarding the ownership of the policies.

Instead, this action is more akin to a breach of contract dispute with Plaintiffs in breach of the trust instrument of the Grist Mill Trust.

Merits aside, this action cannot proceed against Universitas in this Court because Universitas is not subject to personal jurisdiction in Oregon. As Lincoln Life recognizes in its own Third-Party Complaint, Universitas is a Delaware Limited Liability Company with its principal place of business in New York City. (*See* Third-Party Complaint ¶ 2; s*ee also* Siebert Decl. ¶ 2.) Universitas has no offices in Oregon, no employees in Oregon, no operations in Oregon, and no other contacts with Oregon that would subject it to personal jurisdiction in Oregon. (*See* Siebert Decl. ¶¶ 3-6.) Neither Rule 22 interpleader nor Oregon's long-arm statutes and the Constitutional concerns of due process that they incorporate, permit Universitas to be subject to personal jurisdiction in this Court. Accordingly, the Third-Party Complaint should be dismissed for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

Moreover, even if this Court were to find personal jurisdiction over Universitas, the action should be transferred to the Southern District of New York under 28 U.S.C. § 1404, for the convenience of the parties and witnesses, and in the interests of justice. Plaintiffs are just one group of individuals and companies who have made claims to a certain insurance policy owned by the Grist Mill Trust that Universitas seeks to use to satisfy its Judgment. To date, Universitas is aware of at least two other nearly identical actions that were commenced against Universitas and the Grist Mill Trust. For example, just two weeks ago, counsel for National Life Insurance Co. ("National Life"), informed Universitas that National Life would soon be commencing an interpleader action in the Southern District of New York regarding various life insurance death benefits on a policy owned by the Grist Mill Trust and on which the Grist Mill Trust is the named beneficiary. (*See* Siebert Decl. at ¶ 14.) Thus, the action that National Life seeks to

commence, like the instant action, will also seek a declaratory judgment regarding the entitlement to certain insurance policy benefits owned by the Grist Mill Trust, against which Universitas has a substantial Judgment.

In addition, two weeks before Lincoln Life filed the Third-Party Complaint in this case, Lincoln Life filed a third-party complaint against Universitas and the Grist Mill Trust in the District of Minnesota, Case No., 0:15-cv-00435-DSD-HB ("Minnesota Action").[1]  (*See* Exh. C to Siebert Decl.)  In the Minnesota Action, Lincoln Life seeks a ruling regarding the transfer of the ownership of a life insurance policy, currently owned by the Grist Mill Trust.  (*Id.*)  The Trust document is clear that the transfer of ownership can only take place if the acquiring transferee party pays the cash value of the policy to the Grist Mill Trust.  (*See* Colbath Decl. at Exh. A ¶ 6.07.)  This is precisely the same issue to be determined in the instant case.

Separately, there is also an interpleader action pending in the Southern District of New York relating to the transactions at issue here, which action was commenced by The Penn Mutual Life Insurance Company ("Penn Mutual Action").  (*See* Exh. B to Siebert Decl.)  In the Penn Mutual Action, Penn Mutual requests that the Court resolve the dispute between Universitas and the Grist Mill Trust, amongst others, with respect to the proceeds (*i.e.* death benefits) of policies owned by the Grist Mill Trust and on which the Grist Mill Trust is the sole beneficiary, and that Penn Mutual be permitted to deposit the subject proceeds into the Registry of the Court.  (*See* Exh. B to Siebert Decl.)  The parties (Penn Mutual, Universitas, and the Grist Mill Trust) have agreed that Penn Mutual shall pay the proceeds of the life insurance policies at issue into the Court Registry.  Thus, it is clear that the instant action is attempting to resolve

---

[1]On April 10, 2015, Universitas filed a similar motion to dismiss and/or transfer the Minnesota Action to the Southern District of New York, to be consolidated with the Penn Mutual Action.

similar issues as the Minnesota Action, the Penn Mutual Action, and the action expected to be filed by National Life shortly.

To continue this litigation in Oregon would face Universitas with the prospect of serially re-litigating essentially identical actions in courts all over the country. This would be inefficient, a substantial waste of judicial resources, and Universitas is not in a financial position to do so. Transfer to the Southern District of New York for consolidation with the Penn Mutual Action would allow for litigation and resolution of all of these issues together, in one Court with one Judge. This would also eliminate the likelihood of inconsistent decisions on the same issue.

## ARGUMENT

## I.  THE THIRD-PARTY COMPLAINT SHOULD BE DISMISSED BECAUSE UNIVERSITAS IS NOT SUBJECT TO PERSONAL JURISDICTION IN OREGON

Oregon's long arm statute confers personal jurisdiction over foreign corporations to the extent allowed by constitutional due process. *See* Oregon Rule of Civil Procedure 4(L). Accordingly, "[f]or a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least minimum contacts with the relevant forum such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Ajinomoto N. Am., Inc. v. Pine Valley, Inc.*, No. 3:14-cv-00293-BR, 2014 U.S. Dist. LEXIS 92320, at *4 (D. Or. July 8, 2014) (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1015-16 (9th Cir. 2008)) (internal citation and quotations omitted). A court may exercise either general or specific jurisdiction over a nonresident defendant. *CSX Transport., Inc. v. Apex Directional Drilling, LLC*, No. 3:14-cv-00470-HA, 2014 U.S. Dist. LEXIS 162306, at *5 (D. Or. Nov. 18, 2014) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)).

Universitas respectfully submits that Lincoln Life's third-party complaint against it should be dismissed on the ground that the Court lacks both general and specific personal jurisdiction over Universitas.

### A.    This Court Lacks General Jurisdiction Over Universitas

The standard of general jurisdiction is "high, requiring that contacts in the forum 'approximate physical presence.'"    *CSX Transport*., 2014 U.S. Dist. LEXIS 162306, at *6 (quoting *Tuazon v. R.J. Reynolds Tobacco Co*., 433 F.3d 1163, 1169 (9th Cir. 2006)).  Unless Universitas "can be deemed 'present' within the forum for all purposes, general jurisdiction is not appropriate."  *Id*. (quoting *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007)); *see also NxSystems, Inc. v. Monterey County Bank*, No. 3:12-cv-00905-ST, 2012 U.S. Dist. LEXIS 132282, at *12 (D. Or. Sept. 17, 2012) ("For general jurisdiction to exist over a nonresident defendant…the defendant must engage in continuous and systematic general business contacts,…that approximate physical presence in the forum state.") (citations and internal quotations omitted).

In this case, Universitas has **no** contacts whatsoever with the State of Oregon. As readily apparent from the accompanying Siebert Declaration, Universitas is a Delaware limited liability company with its principal place of business in New York.  (*See* Siebert Decl. ¶ 2.)  Universitas has no business contacts in Oregon and has not had an office, employees, shareholders, or property in Oregon.  (*See* Siebert Decl. ¶¶ 3-6.)  Because Universitas has no physical presence in Oregon, Universitas respectfully submits that general jurisdiction is inappropriate.

### B.    This Court Also Lacks Specific Jurisdiction Over Universitas

The Ninth Circuit has established a three-pronged test for determining whether the exercise of specific personal jurisdiction over a non-resident defendant is appropriate:

(1)    The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2)    the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3)    the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citation omitted). The plaintiff bears the burden of satisfying the first two prongs of the test, and "[i]f the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established. . . ." *Id.* (citations omitted); *see also Under a Foot Plant, Co. v. Exterior Design,  Inc.*, No. 6:14-cv-01371-AA, 2015 U.S. Dist. LEXIS 37596, at *8 (D. Or. March 24, 2015) (same).

As discussed below, Universitas does not have any minimum contacts with Oregon and thus, Lincoln Life's Third-Party Complaint against it should be dismissed.

1.    **Universitas Has Not Purposefully Availed Itself of the Privilege of Conducting Any Activities in Oregon or Purposefully Directed Any Activities in Oregon**

As to the requisite first prong, the purposeful availment analysis is generally used in contract suits, while the purposeful direction analysis is generally used in tort cases.  *See CSX Transport.*, 2014 U.S. Dist. LEXIS 162306, at *8. Jurisdiction under the purposeful availment analysis requires that "'there be some act by which the defendant purposefully avails itself to the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *CSX Transport.*, 2014 U.S. Dist. LEXIS 162306, at *8 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).  "Purposeful availment is generally shown through evidence of defendant's actions in the forum state, such as executing or performing a contract [in Oregon], which thereby invoke the benefits and protections of [Oregon's] laws."

*CSX Transp.*, 2014 U.S. Dist. LEXIS 162306, at *8-9 (citation omitted). On the other hand, "[t]he purposeful direction requirement is satisfied where the defendant is alleged to have committed an intentional act expressly aimed at the forum state and causing harm that the defendant knows is likely to be suffered in the forum state." *Coast Equities, LLC v. Right Buy Props.*, No. 3:14-cv-01076-ST, 2015 U.S. Dist. LEXIS 41556, at *8-9 (D. Or. March 31, 2015).

Regardless, neither the purposeful availment requirement nor the purposeful direction requirement have any application here because Universitas' contacts with Oregon are nonexistent. Universitas is a Delaware limited liability company with its principal place of business in New York. (*See* Siebert Decl. ¶ 2.) It has two members, both of whom reside and are domiciled in New York, NY. (*Id.*) Universitas maintains no offices in Oregon, does not transact any business in Oregon, and has no employees in Oregon, or in any state other than New York. (*Id.* at ¶ 3.) Universitas neither owns nor rents any property in Oregon. (*Id.* at ¶ 4.) Universitas also does not maintain a bank account in Oregon. (*Id.*) Universitas derives no revenue from business dealings within Oregon, nor does it advertise in Oregon. (*Id.* at ¶ 5.) And its corporate books and records and other documents are in New York, not Oregon. (*Id.* at ¶ 6.)

Given that Lincoln Life cannot establish that Universitas purposefully availed itself of the Oregon forum or directed activities in Oregon, this Court need not proceed to the remaining inquiries under the Ninth Circuit's specific jurisdiction test. *See CSX Transport.*, 2014 U.S. Dist. LEXIS 162306, at *11 (quoting *Boschetto*, 539 F.3d at 1016 ("if the plaintiff fails at the first step, the jurisdictional inquiry ends and the case must be dismissed")). Nonetheless, the remaining two jurisdictional prongs also cannot be satisfied.

**2.    Universitas Has No Contacts in Oregon That Relate to the Present Claim**

In determining whether a claim arises out of a non-resident's forum-related activities, the Ninth Circuit follows a "but-for" test, namely, "[t]he relevant question is whether but for Defendants' contacts with Oregon, would the claims against Defendants have arisen?" *Gullette v. The Lancaster & Chester Co.,* No. 3:14-cv-00537-HZ, 2014 U.S. Dist. LEXIS 100772, at *17 (D. Or. July 23, 2014) (citing *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995)). Universitas has no contacts with Oregon that relate to the present cause of action. As such, the "but-for" test has no application here. The Plaintiffs are a corporation and an individual who seek declaratory judgment and specific performance requiring Lincoln Life to designate the individual as the owner and beneficiary of a specific life insurance policy owned by the Grist Mill Trust. Universitas' only connection to that dispute is that, in a separate action pending in the United States District Court for the Southern District of New York, titled *Universitas Education, LLC v. Nova Group, Inc. et al.*, Nos. 11-1590-LTS and 11-8726-LTS (the "Nova Action"), Universitas also served a Restraining Notice on Lincoln Life in New York. Universitas obtained a Judgment against the Grist Mill Trust (the owner and beneficiary of the policies at issue) in the Nova Action in excess of $4 million, which Judgment remains unsatisfied. This is the basis of Universitas' entitlement to the life insurance benefits at issue.

 

 

        **3.**        **It Would Be Unreasonable to Subject Universitas to Jurisdiction in Oregon Because Such Exercise Would Not Comport With Fair Play and Substantial Justice**

Third party Universitas has absolutely no contacts with Oregon and exercising jurisdiction in Oregon over Universitas would be unreasonable. To determine whether the exercise of jurisdiction is reasonable, the Court must balance the following factors:

(1)     the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient   judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Gullette v. The Lancaster & Chester Co.,* No. 3:14-cv-00537-HZ, 2014 U.S. Dist. LEXIS 100772, at *18 (D. Or. July 23, 2014); *see also NxSystems*, No. 3:12-cv-00905-ST, 2012 U.S. Dist. LEXIS 132282, at *23-24 (D. Or. Sept. 17, 2012) (same).

As reiterated above, Oregon is an extremely inconvenient forum for Universitas. Universitas is based in New York and has only two members, both of whom reside in New York. It does not own or rent property in Oregon, or have bank accounts or other assets in Oregon.  It conducts no business in Oregon.  (*See* Siebert Decl. ¶¶ 2-6.)  And while Universitas has a judgment in excess of $4 million against its co-defendant, the Grist Mill Trust, the Grist Mill Trust and other Judgment debtors have been doing everything in their power to avoid paying that Judgment and have embroiled Universitas in multiple litigations in multiple courts.  Universitas has limited means, and those means are being stretched further by the day.  Universitas simply cannot afford to fight satellite litigation after satellite litigation in courts across the country, particularly since the Southern District of New York is the proper venue for the resolution of this action.  (*See* extensive discussion in Section II, *infra*.)  Therefore, it would be unreasonable to subject Universitas to jurisdiction in Oregon.

**C.    The Interpleader Claim Is Wrongly Asserted And Does Not Create Jurisdiction Over Universitas**

Lincoln Life's third-party claims against Universitas (and the Grist Mill Trust) are for declaratory judgment, as well as interpleader.  The interpleader cause of action is brought under Federal Rule of Civil Procedure 22 rather than the federal interpleader statutes (28 U.S.C.

§§ 1335 and 2361, *et al*.), and thus is a claim of "rule" interpleader rather than "statutory" interpleader.  Accordingly, the due process "minimum contacts" analysis still applies, and personal jurisdiction is therefore lacking for the same reasons as detailed above in the prior section.  *See, e.g.*, *Cal. Pipe Recycling, Inc. v. Southwest Holdings, Inc*., No. CV-F-08-0236 LJO SMS, 2008 U.S. Dist. LEXIS 89932, at *2 (E.D. Cal. Oct. 23, 2008) (dismissing Rule 22 interpleader action because court lacked personal jurisdiction); *see also Bakkeby v. Prudential Ins. Co. of Am*., No. 13-CV-188-GKF-PJC, 2013 U.S. Dist. LEXIS 128076, at *11 (N.D. Okla. Sept. 9, 2013) (dismissing Rule 22 interpleader because court lacked personal jurisdiction); *Metro. Life Ins. Co. v. Probst*, No. CV-09-8180-PCT-DGC, 2009 U.S. Dist. LEXIS 109340, at *5 (D. Ariz. Nov. 6, 2009) (recognizing that Rule 22 interpleader actions are subject to personal jurisdiction requirements); *Pilot Life Ins. Co. v. Bethard*, No. 84-5464, 1985 U.S. Dist. LEXIS 18724, at *4 (E.D. Pa. June 20, 1985) ("Thus, if the action be construed as limited to Rule 22 interpleader, dismissal would also be required because of the lack of personal jurisdiction over either of the defendants.").[2]

In any event, the Third-Party Complaint is wrongly characterized as an "interpleader" action, when it is in fact, more akin to a breach of contract dispute.  Lincoln Life purports to "interplead[] the ownership and control of the Policy…."  (Third-Party Complaint ¶ 28.)  But contrary to Lincoln Life's assertions, Universitas has never claimed that it is the owner of the life insurance policies at issue.  Nor has it ever sought to have ownership of the policies at issue

---

[2] Even if Lincoln Life had stated a claim for statutory interpleader (which it did not) and availed itself of national service of process, Lincoln Life has not fulfilled the basic, fundamental requirement of any interpleader action of depositing the funds at issue (or an adequate bond) with the Court, and it should be dismissed for this reason as well.  *Schneider v. Cate*, 405 F. Supp. 2d 1254, 1265-68 (D. Colo. 2005) (dismissing interpleader action for lack of jurisdiction and failure to deposit funds); Wright & Miller, Fed. Prac. & Proc. (3d ed.) at § 1716 (discussing deposit requirement and collecting cases).

transferred to it.  Instead, under the operative Grist Mill Trust instrument, the ownership of the policies may only be transferred to Plaintiffs upon Plaintiffs' payment to the Grist Mill Trust of the cash value of the policies.  (*See* Colbath Decl. Exh. A, at ¶ 6.07.)

Simultaneously with transfers of the ownership of the policy, the Grist Mill Trust will receive the required cash value payment of the policy.  Those funds can then be used to partially satisfy Universitas' Judgment against the Grist Mill Trust.  As noted, Universitas does not claim ownership of the life insurance policy at issue, and thus, Lincoln Life's so-called interpleader cause of action is improper.  *See Citigroup Global Mkts., Inc. v. KLCC Invs., LLC*, No. 06 Civ. 5466 (LBS), 2007 U.S. Dist. LEXIS 2709, at *16-17 (S.D.N.Y. Jan. 11, 2007) ("An interpleader action is a useful tool for determining ownership of a discrete item of property in the possession of a disinterested stakeholder that is subject to multiple or competing claims.").

## II.    IN THE ALTERNATIVE, VENUE SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK

Even if the Court declines to dismiss the Third-Party Complaint outright for lack of jurisdiction, it may still – and should – transfer venue of the action to the Southern District of New York for consolidation with the Penn Mutual Action, titled *Penn Mutual Life Insurance Company v. Kehoe, et al.*, Case No. 15-cv-01111.[3]

---

[3] Universitas' present motion is limited to lack of personal jurisdiction and transfer of venue.  Universitas does, however, additionally note that the presence of the Grist Mill Trust raises additional issues of subject matter jurisdiction.  While Plaintiffs are seeking a declaration of ownership of a certain life insurance policy owned by the Grist Mill Trust, Plaintiffs failed to include the Grist Mill Trust as a defendant in their complaint (founded on diversity jurisdiction).  This appears to have been done to manipulate diversity jurisdiction.  Lincoln Life has now brought the Grist Mill Trust in as a party – and even if it had not, the Court would still have to consider the Grist Mill Trust's citizenship because diversity of citizenship is determined by reference to the parties named in the proceeding before the court, as well as any indispensable parties who must be joined pursuant to Rule 19.  *See Walsh v. Centeio*, 692 F.2d 1239, 1244 n.5 (9th Cir. 1982) ("Rule 19 explicitly contemplates that loss of diversity jurisdiction shall not

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought…." 28 U.S.C. § 1404(a). To determine whether transfer is appropriate, the courts in this jurisdiction weigh several nonexclusive factors, including:

> (1)    the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof…. We also conclude that the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing.

*Jones v. GNC Franchising, Inc.*, 211 F3d 495, 498-99 (9th Cir 2000). "The weight accorded to each factor varies with the facts of each case and is left to the discretion of the court." *Beverage Mgmt. Sys., Inc. v. Ott*, No. 3:12-cv-2126-SI, 2013 U.S. Dist. LEXIS 42354, at *18-19 (D. Or. March 26, 2013) (citing to the factors and transferring action to District of New Hampshire).

As discussed above, Universitas has **no** connection to Oregon. Its two members reside in New York. Its principal place of business is in New York. Its documents are in New York. It does not own or rent property in Oregon, or have bank accounts or other assets in Oregon. It conducts no business in Oregon. (*See* Siebert Decl. ¶¶ 2-6.) There is no question that New York is a significantly more convenient forum for Universitas.

---

preclude dismissal where indispensable parties are absent."); *Anderson v. State Farm Mut. Auto. Ins. Co*, No. 00-1560-HO, 2004 U.S. Dist. LEXIS 9060, at *6-7 (D. Or. May 14, 2004) (granting motion to dismiss because joinder of necessary and indispensable party destroyed diversity jurisdiction). Because the Grist Mill Trust has Oregon beneficiaries – who, along with some or all other beneficiaries, may be entitled to receive notice of this action and/or joined with this suit – this raises serious concerns that there is no diversity jurisdiction under 28 U.S.C. § 1332. Universitas further notes that the true dispute here – between Plaintiffs and the Grist Mill Trust – is also subject to a binding arbitration clause in the trust instrument of the Grist Mill Trust, further precluding jurisdiction in this Court. (*See* Colbath Decl., Exh. A at ¶ 8.02(d).)

New York is also likely a more convenient forum for the party who brought Universitas into this case – Lincoln Life – as well as the other Third-Party Defendant, the Grist Mill Trust. As pled in the Third-Party Complaint, Lincoln Life is an Indiana corporation with its principal place of business in Pennsylvania (Third-Party Complaint ¶ 1), and the Grist Mill Trust is a Connecticut trust with offices in Avon and Simsbury, both in Connecticut and both within a reasonable commuting distance to New York City.  The Grist Mill Trust was also named in the Penn Mutual Action, which action Universitas seeks to consolidate this action with, and will likely be named in the National Life interpleader litigation expected to be commenced shortly in the Southern District of New York.  The Grist Mill Trust was also named in the Minnesota Action, which Universitas has moved to dismiss or, alternatively, consolidate with the Penn Mutual Action as well.

Plaintiffs are, of course, located in Oregon, but the discovery they will likely seek in this case (whether from witnesses or documents) will come from New York, Pennsylvania, and Connecticut -- not Oregon.  The Southern District of New York is Universitas' home District, and would serve as an effective "center of gravity" for the other Defendants as well.

Moreover, transfer to the Southern District of New York will strongly favor the interests of justice and judicial economy.  As identified in the Third-Party Complaint and exhibits thereto, the Plaintiffs in this action previously requested affirmative relief in the Nova Action in the Southern District. Specifically, the Plaintiffs sought an order that, notwithstanding Universitas' Judgment and Restraining Notice, ownership of the relevant insurance policies should be transferred to them (without payment).  (*See* Third-Party Complaint ¶¶ 10-13, Exh. 1.)  The Southern District of New York declined to grant that relief, in large measure because all necessary interested parties were not before the Court (such as Lincoln Life), noting that "it

appears that other beneficiaries, insurance companies, and policy premium payors who are not involved in these proceedings may have interests in or concerning the policies at issue here." (*See* Memorandum Opinion and Order at p. 5, *Universitas v. Nova Group*, Case Nos. 11-1590-LTS and 11-8726-LTS (S.D.N.Y. Jan. 5, 2015), attached as Exh. D to Siebert Decl.)  This lack of necessary parties, *inter alia*, prompted the present action in Oregon, but this action suffers from major jurisdictional defects.  Now that Lincoln Life has brought this third-party complaint, along with the fact that the Plaintiffs previously requested affirmative relief in the Nova Action in the Southern District of New York, makes New York the proper jurisdiction for the adjudication of the present dispute.

As previously discussed, the Southern District of New York is the proper forum.  The Penn Mutual Action, which Universitas seeks to consolidate this action with, was commenced on February 17, 2015, more than five weeks *prior* to the filing of the Third-Party Complaint.  The interest of justice "favors a transfer of a case to another jurisdiction where a related matter is pending."  *See Todd Shipyards Corp. v. Cunard Line, Ltd.*, 708 F. Supp. 1440, 1447 (D.N.J. 1989).  Where "transfer of related cases is contemplated, 'the prior pending action has priority in venue.'"  *See Am. Tel. & Tel. Co. v. MCI Commc'ns Corp.*, 736 F. Supp. 1294, 1308 (D.N.J. 1990) (citations omitted).  Since the Penn Mutual Action was commenced prior to the filing of the Third Party Complaint, the Southern District of New York has priority in venue.

In addition to the Minnesota Action and Penn Mutual Action, Universitas anticipates that there could be dozens of such suits filed in Districts across the country, including the action expected to be filed by National Life.  As discussed above, Universitas is a judgment creditor of limited means, and it is simply not feasible for Universitas to litigate that number of lawsuits as a third-party defendant in Districts scattered from New York to Minnesota to Oregon.

Universitas respectfully submits, however, that there is a solution to this logistical nightmare – transfer of this (and similar) cases to the Southern District of New York for consolidation with the Penn Mutual Action.  Not only are Universitas and the Grist Mill Trust both named defendants, but that action addresses precisely the issue raised in this action by Lincoln Life.  Specifically, the Penn Mutual Action was filed by an insurance company, which Universitas had served with a Restraining Notice, seeking a determination of whether specific policy benefits should be paid to Universitas to satisfy its Judgment against the Grist Mill Trust, amongst others, or whether they should be paid to other putative beneficiaries.  (*See* Exh. B to Siebert Decl.) Having this same issue re-litigated all over the country will not only be hugely burdensome, it will also raise the prospect of inconsistent judgments.  Transferring this and other similar cases (such as the Minnesota Action) to the Southern District of New York for consolidation with the Penn Mutual Action, however, will allow all such actions to be heard together, by one District Judge, and adjudicated efficiently and consistently.  The interests of justice strongly support that transfer.  *See Under a Foot Plant*, 2015 U.S. Dist. LEXIS 37596, at *13 (transferring case to District of Maryland, reasoning in part that "defendant has no contact with this forum outside of its dispute with plaintiff.  As a result, defendant would be inconvenienced to a degree that outweighs the deference typically given to a plaintiff's choice of forum.").

## Conclusion

For the foregoing reasons, Universitas respectfully submits that it should be dismissed from this action for lack of personal jurisdiction, or, in the alternative, that this action should be

/////

transferred to the United States District Court for the Southern District of New York.

Dated:  April 20, 2015

Respectfully submitted,

**ANGELI UNGAR LAW GROUP LLC**

*s/ Kristen L. Tranetzki*
KRISTEN L. TRANETZKI, OSB. No. 115730
COLIN H. HUNTER, OSB No. 131161
(503) 954-2232

**LOEB & LOEB LLP**

PAULA K. COLBATH (*Pro Hac Vice* Pending*)*
(212) 407-4000

Attorneys for Third-Party Defendant
Universitas Education, LLC